IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID ROBERT BENTZ, #S-03210, )
)
        **Plaintiff,** )
)
vs. ) Case No. 18-00017-JPG
)
DR. NEWBOLD, )
)
        **Defendant.** )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

The instant case was severed from a civil rights action filed by Plaintiff David Bentz pursuant to 42 U.S.C. § 1983 in July 2016. *Bentz v. Maue*, No. 16-cv-00854-NJR (S.D. Ill. July 27, 2016) ("original action"). Plaintiff brought the original action against officials at Menard Correctional Center ("Menard") who allegedly assaulted him in May and August 2014 and then denied him medical care for his injuries. (Doc. 1, original action). Before screening the Complaint, the Court dismissed the original action as a sanction against Plaintiff for failing to disclose financial information in his application for leave to proceed *in forma pauperis*. (Docs. 8 and 9, original action). Plaintiff appealed, and the Seventh Circuit reversed and remanded the matter to the District Court for further proceedings on November 20, 2017. *See Bentz v. Maue*, 702 F. App'x 461, 2017 WL 5564681 (7th Cir. Nov. 20, 2017). On remand, the District Court found that Plaintiff improperly joined several unrelated claims against different defendants in the original action. (Doc. 1, instant action). One of these claims, *i.e.*, Count 15,[1] was severed into

---

[1] While the original action was pending on appeal, Plaintiff attempted to revive this claim by bringing it in a new lawsuit against Newbold and other defendants. *See Bentz v. Gregson et al.*, No. 16-cv-01349-DRH (S.D. Ill. filed Dec. 15, 2016) ("duplicative case"). The duplicative case was dismissed with prejudice on January 9, 2017. (Docs. 6 and 7, duplicative case).

1

the instant case pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). (Doc. 1, p. 17, instant action).

Count 15 involves an Eighth Amendment deliberate indifference to medical needs claim against Doctor Newbold, a prison dentist who allegedly ignored Plaintiff's complaints of obvious swelling and chronic pain on May 29, 2015. (Doc. 1, pp. 13, 17). This claim is subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Count 15 survives preliminary review under this standard.

## The Complaint

Though voluminous, the Complaint includes very few allegations against Doctor Newbold, the prison dentist at Menard who treated Plaintiff in 2015. (Doc. 2, p. 18, ¶¶ 87-88). Plaintiff alleges that he met with Doctor Newbold for a biannual dental examination on or around May 29, 2015. *Id*. At the time, he was suffering from "obvious swelling" in his neck and complained of "chronic pain" to the dentist. *Id*. He also complained of a possible fracture to his jaw that resulted from an assault by prison guards on May 11, 2014. *Id*. Plaintiff told the dentist that he needed medical care for his injuries, and he also requested pain medication. *Id*. The dentist ordered dental x-rays on June 2, 2015, but otherwise "completely ignored" Plaintiff's request for medical care and medication. *Id*.

## Discussion

In the Memorandum and Severance Order dated January 4, 2018, the District Court characterized the claim against Doctor Newbold as follows:

> **Count 15 -** Eighth Amendment deliberate indifference to medical needs claim against Doctor Newbold for ignoring obvious swelling and pain in Plaintiff's neck at a dental appointment on May 29, 2015.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this claim does not constitute an opinion regarding the merits.

The Eighth Amendment prohibits the cruel and unusual punishment of prisoners. U.S. CONST., amend. VIII. *See also Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citations omitted); *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Erickson v. Pardus*, 551

U.S. 89, 94 (2006) (*per curiam*). To state a claim for inadequate medical care under the Eighth Amendment, a plaintiff must show that he suffered from a sufficiently serious medical condition (*i.e.*, an objective standard) and state officials acted with deliberate indifference to his health or safety (*i.e.*, a subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The allegations satisfy the objective component of this claim for screening purposes. A medical condition is considered objectively serious if it has been diagnosed by a physician as requiring treatment or the condition would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). Plaintiff's claim of "obvious swelling" in his neck, chronic neck pain, and a possible jaw fracture are sufficiently serious to survive threshold review. (Doc. 2, p. 18).

To satisfy the subjective component of this claim, a plaintiff must "demonstrate that prison officials acted with deliberate indifference" to his serious medical condition. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Officials are deliberately indifferent when they "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Deliberate indifference includes disregard to an inmate's complaints of chronic pain. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). The allegations support a deliberate indifference claim for screening purposes against Doctor Newbold. Plaintiff alleges that the dentist "completely ignored" his complaints of chronic pain and obvious swelling in his neck. (Doc. 2, p. 18). In addition, it appears that the dentist ordered x-rays of Plaintiff's jaw but did not report the results to Plaintiff or provide further treatment. *Id*.

Although the Court takes no position regarding the ultimate merits of Count 15 against Doctor Newbold, this claim survives screening under § 1915A and is subject to further review.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 15** is subject to further review against Defendant **DOCTOR NEWBOLD**. As to **COUNT 15**, the Clerk of Court shall prepare for the Defendant: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 2), and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 25, 2018**

                                           *s/J. Phil Gilbert*
                                           **District Judge**
                                           **United States District Court**